IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:05-CR-17-D
No. 2:08-CV-11-D
No. 2:15-CV-30-D

| | |
|---|---|
| ANDREW BROWN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

Andrew Brown ("Brown") is a convicted bank robber serving a 240-month prison sentence. See United States v. Brown, 242 F. App'x 920, 921–22 (4th Cir. 2007) (per curiam) (unpublished); [D.E. 61]. On December 15, 2009, this court dismissed Brown's first motion under 28 U.S.C. § 2255 and denied a certificate of appealability [D.E. 61]. On August 10, 2015, Brown filed another motion under 28 U.S.C. § 2255 and raised three new arguments. See [D.E. 74] 4–5.

Before filing a second or successive application for habeas relief in the district court, an applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see 28 U.S.C. § 2255(h); Magwood v. Patterson, 561 U.S. 320, 330–31 (2010). This court lacks jurisdiction to review Brown's latest section 2255 motion unless the Fourth Circuit authorizes review. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152–53 (2007) (per curiam); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); In re Williams, 364 F.3d 235, 238 (4th Cir. 2004); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Brown failed to obtain authorization from the Fourth Circuit. Thus, this court lacks jurisdiction to consider his petition.

Alternatively, Brown's three claims fail on the merits. First, Brown contends that he is no longer a career offender under the Guidelines due to Johnson v. United States, 135 S. Ct. 2251 (2015). Assuming without deciding that Johnson applies to the Guidelines,[1] Brown's argument fails as applied to Brown given the physical-force clause in U.S.S.G. § 4B1.2(a)(1) and Brown's criminal history. See PSR ¶¶ 18, 24. Moreover, even if Johnson applies to section 4B1.2(a)(1) (a dubious proposition), Brown may not challenge the calculation of his advisory guideline range (including his designation as a career offender) under 28 U.S.C. § 2255. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999).

Second, Brown contends that his counsel was constitutionally ineffective because he failed to object at sentencing to Brown's convictions for attempted common law robbery, assault on a government official, and assault with a deadly weapon inflicting serious injury. See [D.E. 74] 4; cf. PSR ¶¶ 15, 18, 24. According to Brown, counsel's failure to object to these three convictions at sentencing "cost" Brown a "not guilty verdict." [D.E. 74] 4. Brown's second argument, however, fails given that those three convictions played no role in Brown's bank robbery conviction and do not evince either deficient performance or prejudice under the Sixth Amendment. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 127–28 (2009); Bobby v. Van Hook, 558 U.S. 4, 12 (2009) (per curiam); Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

Third, Brown contends that Johnson means that he is "actually innocent" of bank robbery. See [D.E. 74] 4. That argument, however, also fails given that Johnson does not concern Brown's statute of conviction, 18 U.S.C. § 2113(a).

---

[1] The circuits are spilt on whether Johnson invalidates the residual clause in U.S.S.G. § 4B1.2(a)(2). Compare United States v. Matchett, 802 F.3d 1185, 1193–95 (11th Cir. 2015) (no) with United States v. Madrid, No. 14-2159, 2015 WL 6647060, at *4 (10th Cir. Nov. 2, 2015) (yes).

In sum, Brown's section 2255 motion [D.E. 74] is DISMISSED as successive, and the court DENIES a certificate of appealability. See, e.g., 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Winestock, 340 F.3d at 206–07.

SO ORDERED. This 4 day of December 2015.

JAMES C. DEVER III
Chief United States District Judge